Per Curiam.

In People of State of New York v. Greatneck Imports. It is axiomatic that a building zone ordinance enacted in 1967 may not curtail an established nonconforming-use commenced in 1964. (Riverdale Community Planning Assn. v. Crinnion, 133 N. Y. S. 2d 706, affd. 285 App. Div. 1047.) Neither may it be relied upon to enlarge the meaning of an ordinance in effect when the use started. (Matter of Glenel Realty Corp. v. Worthington, 4 A D 2d 702.)
A simple open yard ordinance is not violated by the parking of automobiles in the yard for display purposes, especially when done as an incident to a lawfully permitted use for an automobile agency. (Matter of Nu Sigma Chi v. Smith, 27 A D 2d 771; Akers v. Baltimore, 179 Md. 448.)
The judgment of conviction should be unanimously reversed on the law and facts, complaint dismissed and fine remitted.
In People of the State of New York v. Needelman. The judgment of conviction should be reversed on the law and facts, complaint dismissed and fine remitted. See appeal entitled People of State of New York v. Great Neck Imports (63 Misc 2d 583) decided herewith.
Concur — Gxjlotta, P. J., Glickmah and McCullough, JJ.
Judgments reversed, etc.